# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF TEXAS

### BEAUMONT DIVISION

| | | |
|---|---|---|
| VERNON KING, JR. | § | |
| VS. | § | CIVIL ACTION NO. 1:12-CV-612 |
| INDRIA N. RICE, ET AL. | § | |

## ORDER

Plaintiff Vernon King, Jr., an inmate confined at the Estelle Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. On February 27, 2014, a report was entered recommending denying plaintiff's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). The report also recommended dismissing the action if plaintiff failed to pay the filing fee within ten days. A final judgment was entered on March 20, 2014.

On March 25, 2014, plaintiff's objections were docketed.[1] The objections were dated March 17, 2014, and they were received by the court on March 21, 2014. Because the objections appear to have been filed within fourteen days after plaintiff acknowledged receipt of the report and recommendation, the court is of the opinion plaintiff's objections should receive a *de novo* review. Accordingly, the court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes the objections are without merit. In this case, which was originally filed as an amended complaint in a pending case and then severed into a new

---

[1] Although the objections were erroneously docketed as a motion for reconsideration, they are clearly objections to the report and recommendation because the document was mailed before the judgment was entered.

case, plaintiff alleged the defendants allowed an inmate to attack him, and then they denied him medical treatment after the attack. Plaintiff did not allege that the defendants posed an ongoing threat to him. Nor did he allege any other facts from which the court could conclude that plaintiff was in imminent harm at the time he filed this new case. By the time plaintiff filed the amended complaint, he had been transferred to another prison facility where he was no longer exposed to the defendants. As a result, plaintiff failed to demonstrate that he was in imminent danger of serious physical injury at the time he filed this action. It is accordingly

**ORDERED** that plaintiff's objections (document no. 18) are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the Magistrate Judge's report and recommendation is **ADOPTED**.

So ordered and signed on

**Oct 16, 2014**

_____
Ron Clark, United States District Judge